UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-20987-CR-JORDAN/TORRES

UNITED STATES OF AMERICA

   Plaintiff

vs.

JUAN TORRENS and
RACHAEL E. TORRENS

   Defendants

_____/

## SENTENCING MEMORANDUM

The Government has filed a Motion to reduce the sentences of Juan Torrens and Rachael Torrens based upon their substantial assistance. This Motion to Reduce Sentence is scheduled for hearing on June 22, 2009. The Defendants submit this brief Memorandum to outline the issues to be explored at the hearing.

## INTRODUCTION

The decision regarding the extent of sentence reduction for substantial assistance to the Government is not a simple calculus. We acknowledge the seriousness of the conduct which brought the Defendants to the Court. The financial damage is significant. The personal pain to co-conspirators lured by the promise of easy money is also a source of shame for Juan and

Rachael Torrens. We humbly suggest that the cooperation in this case is truly extraordinary when compared to cooperation in other cases. This cooperation calls for a substantial reduction in sentence. We also humbly request the Court to apply the benefit of the entire cooperation by both Juan and Rachael Torrens in a fashion to preserve their family unit for the benefit of their handicapped son and their daughter of tender years and great promise.

## **EXTRAORDINARY COOPERATION**

The cooperation of Juan and Rachael began at the very inception of the investigation when a subpoena was issued to a title company for records relating to closings for the Torrens' company. The Torrens came forward and voluntarily provided a detailed debriefing and documents which allowed the Government to move at lightening speed to conduct an undercover investigation that consensually recorded numerous co-conspirators and to ultimately indict and convict over thirty (30) defendants within a year of the beginning of the investigation.

Not only did the Defendants Juan and Rachael Torrens assist in their own case, they also helped in a proactive investigation of an arson ring which burned homes for insurance proceeds. (The homes had been previously obtained with fraudulent mortgages.) This proactive undercover investigation led to arrests and convictions of five (5) people not charged in

the instant Indictment. Rachael Torrens' cooperation also led to the arrest and conviction of a bank officer in a related case. Juan Torrens single-handedly captured a fleeing fugitive who had fled from police during another investigation in which Juan was assisting.

This assistance did not come without cost. Rachael Torrens' status as a cooperator meant she was housed in FDC Miami's Special Housing Unit after her sentencing. When she was eventually designated to FCI Coleman, some female co-defendants agreed with prison officials that her presence would pose no problem. However, when another co-defendant arrived later and said she was uncomfortable with having Rachael at the facility, the BOP in its infinite wisdom transferred Rachael to a County Jail where she was in lockdown and where she lost her job and opportunity for self-improvement classes in which she had been immersed at FCI Coleman. Finally, she was subjected to harassment by the female defendants in the arson scheme when they were arrested and placed at FDC. In inmate parlance, Rachael Torrens has been doing "hard time" because of her well-known status as a cooperator.

## SPECIAL FAMILY NEEDS

We recognize that a Rule 35 modification must be based solely upon assistance to the Government. We request the Court to consider the family

circumstances in determining how to apportion the modification, once the total amount has been determined by the Court.

Christopher Torrens is Juan Torrens 21-year-old son by a prior marriage. Nonetheless, Rachael has taken him as her own and has been a loving and attentive mother. Christopher is borderline retarded and unable to hold a job. He has helped Juan cleaning up at job sites of Juan's home repair business (started since he began cooperating). Christopher is very attached to both Juan, Rachael, and his young sister, Carina. This 8-year-old daughter is an Honor Roll student at Claude Pepper Elementary with perfect attendance. Since Rachael entered custody, Juan has been a single parent who is totally "hands on." He attends school functions of Carina, helps her with homework, and looks after both children. Juan has found joy in cooking a meal for his children. He takes Carina and Christopher to Bible Study and church functions at Riverside Baptist Church.

The positive impact of keeping the family intact and providing nurturing parenting has allowed both children to function. Juan's and Rachael's deepest concern is what will happen if Juan is incarcerated before Rachael completes her sentence and is able to take on the duties of parenting.

If both parents are in prison at the same time, the family situation will require the separation of Christopher and Carina. Juan's mother, Nancy Gomez, has been caring for her elderly, mentally-handicapped brother for 20 years to fulfill a promise she made to her own mother on her deathbed. Nancy, age 64, could possibly care for Christopher. However, Carina would have to go to Rachael's mother in Sunrise where Carina would have to leave her brother and the familiar academic environs of Claude Pepper Elementary behind. Carina has a strained relationship with her step-grandfather and dreads the prospect.

## A MODEST PROPOSAL

Rachael and Juan Torrens have finally gotten their priorities right. They are no longer driven by the greed which resulted in the criminal activity; now they are motivated by the need to keep the children together and to provide continuity in parenting. In order to accomplish this, Juan and Rachael propose that all of the sentencing benefit which may have accrued for Juan be added to the benefit earned by Rachael in order to reduce her sentence to the maximum extent possible. It is their humble hope that the Court sees fit to provide that Rachael's sentence be shortened sufficiently to allow her to be released before Juan begins his incarceration.

Respectfully submitted,

        MEL BLACK
melsblack@aol.com
Melvin S. Black, P.A.
2937 SW 27th Avenue
Miami, FL   33133
Phone: 305-443-1600
Fax: 305-445-9666
Attorney for Defendant Rachel Torrens

and

RENE SOTORRIO
rene@sotorriolaw.com
Rene Sotorrio, Esq.
800 Douglas Road, Suite 219
Coral Gables, FL   33134
305-446-5855
Fax: 305-441-8696
Attorney for Defendant Juan Torrens

By: _____s/ Mel Black_____

Certificate of Service

I Hereby Certify that on June 12th, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Mel Black
_____
MEL BLACK

6

SERVICE LIST
**USA vs. RACHEL E. TORRENS**
CASE NO.07-20987-CR-LENARD/TORRES
United States District Court, Southern District of Florida

*Assistant United States Attorney:*

Joan M. Silverstein
U.S. Attorney's Office
99 NE 4th Street
Miami, FL   33132
305-961-9325
Fax: 305-536-4699
joan.silverstein@usdoj.gov


*Attorney for Defendant Rachel Torrens:*
MEL BLACK
melsblack@aol.com
Melvin S. Black, P.A.
2937 SW 27th Avenue
Miami, FL   33133
Phone: 305-443-1600
Fax: 305-445-9666

*Attorney for Defendant Juan Torrens*
RENE SOTORRIO
rene@sotorriolaw.com
800 Douglas Road, Suite 219
Coral Gables, FL   33134
305-446-5855
Fax: 305-441-8696